UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF


v.                                    CRIMINAL ACTION NO. 3:07CR-105-S


CHRISTOPHER H. TUCKER                                       DEFENDANT


## MEMORANDUM OPINION AND ORDER


This matter is before the court for consideration of objections of the defendant, Christopher
H. Tucker, to the findings of fact, conclusions of law, and recommendation of the United States
Magistrate Judge that the defendant's motion to suppress evidence be denied.  The magistrate judge
heard evidence concerning the investigation and subsequent arrest of Tucker at the Louisville Manor
Hotel.  Based upon the testimony offered, the magistrate judge concluded that the officer lawfully
entered Tucker's hotel room after observing though the open doorway a baggie of marijuana sitting
on a table.  He concluded that the entry into the room, seizure of the contraband, arrest of Tucker,
and the ensuing search of the hotel room were lawful.  For the reasons set forth herein, we will
accept and adopt the findings and recommendation of the magistrate judge.

Tucker has filed extensive objections to particular factual findings of the magistrate judge.
He urges that inconsistencies with or inaccuracies in the testimony of the officers mandate a finding
that the officers' testimony was unreliable and should not have been credited by the magistrate judge
as establishing probable cause for entry into the room and for the arrest of Tucker.  What the

objections ultimately contend is that the officers' testimony that a baggie of marijuana was in plain view on the table in the room should not be believed.

First, we reject the suggestion that inaccuracies in the written report[1] or differences in the perception of various facts by various witnesses should result in a wholesale rejection of the testimony of the officers in the case.  The magistrate judge himself found that certain facts were either unclear or contradicted.  Officer Vittitoe's report was not the model of pristine police paperwork to be sure.  However, the magistrate judge found and the court agrees that there was consistency in the critical facts undergirding the finding of probable cause.

The officers and Tucker relate similar versions of the approach of Officers Vittitoe and Edbrooke to Tucker on the balcony outside Room 46 in which Tucker was a registered guest for the night.  It was approximately 4:00 a.m. and Tucker had opened the door of his room and come out onto the balcony or walkway, apparently to use his cell phone.  The officers climbed the stairs and approached Tucker outside the doorway to ask him a few questions about who he was and what he was doing at the hotel.  The door to Tucker's room was open, although Tucker disputes how far it was open.  The light was on in the room, and all agree that the room was small.  A table was located against the wall across from the door and somewhat to the right on the far side of the beds.  There were one or more liquor bottles on the table and a large bag of marijuana.  Tucker does not contend that the door was closed or that he tried to close it when the officers walked up to him.  Rather he contends that the table would not have been directly visible to the officers without them peering into the room.  He testified, however, that officer Vittitoe had stepped around him or maneuvered around to his left side so that he had an officer on each side of him in front of the doorway.  Both officers testified that they could see the bag of marijuana on the table, officer Vittitoe looking directly into the room from the left side of the door, officer Edbrooke after stepping forward and looking over

---

[1]Inaccuracies which were in fact corrected.

his right shoulder into the room.  Clearly the officers maneuvered themselves as they walked up on the doorway so as to be able to see as much as possible into that hotel room.  They were investigating Tucker's activities and did not know who or what might be in that room.

We find no error in the conclusion of the magistrate judge concerning the plain view of the marijuana on the table.  The officers testified that the door was wide open when they walked up. Eddie James, the hotel desk clerk who watched the encounter with Tucker from the office that night, testified that the door to Tucker's room was open(Tr. 68).  He stated that he could see the encounter well (Tr. 68).  As the balcony was dimly lit by a streetlight (Tr. 51), James' testimony that he could see the encounter well is consistent with the testimony of all of the officers that the door was wide open, not open a mere twelve inches as Tucker suggested.  Officer Claxon, who was surveilling Tucker's activities, testified that at the time it was dark outside.  He could tell from his vantage point that Tucker's door was open because Tucker had the light on in the background and Claxon could see Tucker walk out onto the balcony and stand there by himself (Tr. 40).  It was at this point that Tucker made contact with Vittitoe and Edbrooke.  All of the testimony concerning the open door is consistent, including Tucker's testimony that the officers maneuvered around him in front of the door.  The officers' testimony about the way in which they caught sight of the bag of marijuana on the table is consistent with Tucker's rendition of the officers' movements in "surrounding" him while questioning him.  Although Tucker testified that the door was not wide open, he admitted on cross-examination that there was no way that he could tell what the officers could see (Tr. 77), and that if the door were completely open it would have been possible for the officers to have seen the table from the doorway (Tr. 91).  The court finds no error in the conclusion that the officers saw the baggie of marijuana in plain view through the open door of the hotel room.

The encounter with Tucker rapidly progressed from what the officers referred to as a "knock and talk" inquiry to a *Terry* stop to an arrest based upon probable cause.  The officers testified that they were simply going to speak informally to Tucker in the public area of the hotel.  Tucker makes

much of the initial moments of the encounter, noting that he was "surrounded" by the officers, there was no other means of retreat from the balcony other than the way the officers had come, and he did not feel free to leave.  He contends that this constituted an illegal *Terry* stop because at the moment when he did not feel free to leave, the officers did not have reasonable suspicion that a crime was being committed or was about to be committed.  We reject the argument that at the very moment of the stop, reasonable suspicion had to exist in the minds of the officers.  Rather, they were free to approach Tucker in a public area, the existence of only one stairway notwithstanding.  The fact that Tucker had nowhere to run does not *ipso facto* create a *Terry* stop.  Indeed, almost simultaneously with the inquiry as to Tucker's identity, the officers' knowledge ripened into probable cause for arrest upon seeing the marijuana.  Officer Vittitoe proceeded into the room, viewed the marijuana and had officers Edbrooke and Claxon bring Tucker into the room to be placed under arrest.  At that time Tucker was handcuffed, told he was under arrest, and the immediate vicinity was searched for other persons and weapons and for contraband which could be destroyed.  A number of other individuals had been seen coming and going from the room earlier that night.  Thus the entry into the room, the arrest and search of the immediate area in the admittedly small room resulted in the discovery of additional drugs from under the corner of the mattress, and drugs and cash from Tucker's pants pockets.  We find no error in the conclusion that the warrantless entry, the arrest of Tucker, and the search of his person and the immediate vicinity of the hotel room were not in violation of the law.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the objections of the defendant, Christopher H. Tucker, are rejected and the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge are **ACCEPTED AND ADOPTED IN THEIR ENTIRETY**.

- 4 -

**IT IS FURTHER ORDERED** that the motion of the defendant, Christopher H. Tucker, to suppress evidence (DN 15) is **DENIED.**

**IT IS SO ORDERED.**